# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BRUCE LANGFITT,**

    Plaintiff,

v.                                                   Case No. 8:08-cv-1377-T-30MAP

**FEDERAL MARINE TERMINALS, INC.
and BBC CHARTERING AND LOGISTICS
GMBH CO. KG,,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant BBC Chartering and Logistics GMBH Co. KG's Motion to Reconsider Denial of Motion for Leave to File Cross-Claim (Dkt. #37), Defendant BBC Chartering and Logistics GMBH Co. KG's [Second] Motion and Incorporated Memorandum in Support of Leave to File Amended Cross-Claim (Dkt. #45), and Federal Marine Terminals, Inc.'s Response in Opposition to Motion for Leave to File Cross-Claim (Dkt. #47). The Court, having considered the motions, response, memoranda, and being otherwise advised in the premises, concludes that Defendant BBC Chartering's motions should be granted.

The Court notes that Defendant BBC Chartering did not file a reply in opposition to Federal Marine Terminals, Inc.'s Response in Opposition to Defendant BBC Chartering's Motion for Leave to file a Cross-Claim (Dkt. #33). In Federal Marine's response and Federal Marine's Answer and Affirmative Defenses (Dkt. #14), Federal Marine asserts that it was

a "borrowing employer" and Plaintiff Bruce Langfitt was a "borrowed servant" as defined under the federal Longshore and Harbor Worker's Compensation Act ("LHWCA"). Such assertion was not challenged by any party in this case until Defendant BBC Chartering filed a motion for reconsideration. Thus, the second efforts exerted by BBC Chartering could have been spared, if such arguments were presented to this Court upon the initial consideration of this matter.

"Whether a borrowed servant relationship exists is a question of law." *Wai v. Rainbow Holdings*, 350 F.Supp.2d 1019, 1025 (S.D. Fla. 2004), citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 357-58 (5th Cir. 1977). There are several criteria for determining when a servant has been borrowed by another employer:

> (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
> (2) Whose work is being performed?
> (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowed employer?
> (4) Did the employee acquiesce in the new work situation?
> (5) Did the original employer terminate his relationship with the employee?
> (6) Who furnished tools and place for performance?
> (7) Was the new employment over a considerable length of time?
> (8) Who had the right to discharge the employee?
> (9) Who had the obligation to pay the employee?[1]

There is not enough information before the Court at this phase of the proceedings to determine whether a borrowed servant relationship existed between Plaintiff and Defendant

---

[1] *Canty v. A. Bottacchi, S.A. de Navegacion*, 849 F.Supp. 1552, 1557 (S.D. Fla. 1994), quoting *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 313 (5th Cir. 1969).

Federal Marine. For these reasons, the Court will revisit this issue at the summary judgment phase.

Accordingly, this Court's order denying BBC Chartering's motion for leave to file a cross-claim will be vacated and BBC Chartering will be granted leave to file an amended cross-claim consistent with the proposed amended cross-claim attached at Dkt. #45-2.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant BBC Chartering and Logistics GMBH Co. KG's Motion to Reconsider Denial of Motion for Leave to File Cross-Claim (Dkt. #37) is **GRANTED**.

2. This Court's Order entered on March 3, 2009 (Dkt. #36) is **VACATED**.

3. Defendant BBC Chartering and Logistics GMBH Co. KG's [Second] Motion and Incorporated Memorandum in Support of Leave to File Amended Cross-Claim (Dkt. #45) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1377.mt recon and leave to file 37 and 45.wpd

---

[2] To the extent BBC Chartering seeks to bring a breach of contract claim against Federal Marine, the cross-claim must allege the mutual formation of an oral contract, the obligation thereby assumed, consideration, and a breach. *See Perry v. Cosgrove*, 464 So.2d 664, 667 (Fla. 2d DCA 1985). The current proposed amended cross-claim does not sufficiently allege these elements to over come a motion for more definite statement under Rule 12(e) or a motion to dismiss under Rule 12(b)(6).